**MASSACHUSETTS CASUALTY INSURANCE COMPANY, Plaintiff-Appellant,**

v.

**Kenneth B. FORMAN, Defendant-Appellee.**

No. 72–2451

Summary Calendar.*

United States Court of Appeals, Fifth Circuit.

Nov. 14, 1972.

* Rule 18, 5th Cir.; see Isbell Enterprises, Inc. v. Citizens Casualty Co. of N. Y., 431 F.2d 409, Part I (5th Cir. 1970).

S. E. Cushman, L. J. Cushman, Miami, Fla., for plaintiff-appellant.

Burton Young, North Miami Beach, Fla., for defendant-appellee.

Before BELL, DYER and CLARK, Circuit Judges.

PER CURIAM:

The Massachusetts Casualty Insurance Company (Insurer) sued to rescind and cancel an accident and health insurance policy alleging it was obtained by false representations. Kenneth B. Forman, asserting total disability, counterclaimed for specific performance of the contract to provide a monthly indemnity of 1,100 dollars.

Subsequent to the initial pretrial conference, Insurer moved for a default judgment on the ground that Forman had refused to appear for the taking of a supplemental deposition. Forman countered with a motion to compel settlement in accordance with an agreement between counsel. After a brief hearing the District Judge denied Insurer's motion and entered an order enforcing the alleged settlement. Insurer appeals from this order and from the denial of its subsequent motion for rehearing.

Forman contends that this appeal should be dismissed because the underlying order is not final within the meaning of 28 U.S.C. § 1291. While this order was conditioned on surrender of the policy and delivery of the check, it amounted to a final disposition of the primary issue then existing between the parties—the claim by the insured that a settlement had been reached. In practical effect, this was a final judgment within the meaning of § 1291. Cohen v. Beneficial Indus. Loan Corp., 337 U.S. 541, 69 S.Ct. 1221, 93 L.Ed. 1528 (1949); Forgay v. Conrad, 47 U.S. (6 How.) 201, 12 L.Ed.2d 404 (1848); Fox v. City of West Palm Beach, 383 F.2d 189 (5th Cir. 1967).[1]

A trial court has the power to summarily enforce a settlement agreement entered into by the litigants while the litigation is pending before it. Cia Anon Venezolana De Navegacion v. Harris, 374 F.2d 33 (5th Cir. 1967). However, where material facts concerning the existence of an agreement to settle are in dispute, the entry of an order enforcing an alleged settlement agreement without a plenary hearing is improper. Autera v. Robinson, 136 U.S.App.D.C. 216, 419 F.2d 1197 (1969). Theatre Time Clock Co., Inc. v. Motion Picture Advertising Corp., 323 F.Supp. 172, 174 (E.D.La.1971).

From the meager record before the district court, consisting primarily of unsworn statements by opposing counsel, it is clear that a material dispute of fact existed as to whether a settlement had been reached. Counsel for Forman, Young, stated that he and counsel for the Insurer, Cushman, had discussed a settlement, that the discussion ended in an offer to settle for 30,000 dollars and that this offer had been accepted eleven days later after Cushman informed him that the Insurer was unlikely to offer more. Cushman denied that a firm offer had been made

1. The denial of the Insurer's motion for default judgment is not an appealable decision. Our decision today has no effect on that section of the district court's order. *See* McNutt v. Cardox Corp., 329 F.2d 107 (6th Cir. 1964).

or that he had represented that he had authority to settle the claim without approval by his client. At most, Cushman conceded he had agreed to recommend a settlement of 30,000 dollars to the home office of the Insurer. Subsequent to the hearing, affidavits were filed denying that Insurer had agreed to a settlement or that Cushman had been authorized to settle the suit.

Under Florida law, which we hold should control whether a contract of settlement was formed, "a party seeking judgment on compromise and settlement has the burden of establishing assent by the opposing party. Unauthorized assent manifested by a party's attorney is insufficient." Goff v. Indian Lake Estates, Inc., 178 So.2d 910, 912 (Fla.App.1965); Palm Beach Royal Hotel, Inc. v. Breese, 154 So.2d 698 (Fla. App.1963). Authority to compromise a disputed claim cannot be assumed from employment of counsel to handle the litigation: "special or express authority to compromise or settle . . . must be clear and unequivocal." Bursten v. Green, 172 So.2d 472, 474 (Fla.App. 1965); Kramer v. City of Lakeland, 38 So.2d 126, 131 (Fla.1948). An evidentiary hearing will allow Forman to meet his burden of proving the existence of a valid contract to settle, subject to right to Insurer to cross-examine and to present evidence in its behalf.

"Settlement agreements are highly favored in the law and will be upheld whenever possible . . . ." D. H. Overmyer Co. v. Loflin, 440 F.2d 1213, 1215 (5th Cir. 1971). However, this policy is not always served by enforcement of an alleged settlement in a summary proceeding. Where representations of counsel indicate a material dispute whether or not preliminary negotiations reached the level of a binding agreement, both parties should be given a full and fair opportunity to prove their version. A contrary procedure in those relatively few cases where an honest dispute develops over offer and acceptance would discourage preliminary negotiations toward settlement. As attorney Cushman lamented to the court below, absent the opportunity to contest in an adversary proceeding allegations that a settlement has been reached, "[i]t appears to be very dangerous to talk to [opposing] counsel."

The order of the district court enforcing a settlement is reversed and the cause is remanded for a hearing on the issue of settlement *vel non* and for such further proceedings as may be indicated by the resolution of that issue.

Reversed and remanded.