802 F.2d 461
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Kenneth D. WILLIAMS, Plaintiff-Appellant,
v.
L.C.P, CHEMICALS, INC,; Glenn Carr, Defendants-Appellees.
 No. 85-3912.
 United States Court of Appeals,
Sixth Circuit.
 Aug. 22, 1986.
 
 1
 Before LIVELY, Chief Judge, and WELLFORD and BOGGS, Circuit Judges,
 
 
 2
 PER CURIAM:Plaintiff Kenneth D, Williams, pro se, appeals from an order of the district court granting the motion of defendants L,C,P. Chemicals, Inc, ("L.C.P. ') and Glenn Carr to enforce an agreement negotiated between plaintiff's and defendants' counsel in settlement of plaintiff's claims under Title VII of the Civil Rights Act of 1964, 42 U.S.C. Sec. 2000e et seq., and 42 U.S.C. Sec. 1981.
 
 
 3
 On November 19, 1984, Kenneth D. Williams, through his counsel of record, Avery S. Friedman, filed a complaint commencing this action, which was later amended. Williams alleged that his former employer, L.C.P., and its plant manager Glenn Carr discriminated against him on the basis of his race, in violation of Title VII of the Civil Rights Act of 1964 and 42 U.S.C. Sec. 1981, by suspending him and terminating his employment. Williams also claimed that Glenn Carr tortiously interfered with a contract of employment alleged to exist between Williams and L.C.P.
 
 
 4
 Williams' counsel filed and served interrogatories on defendants L.C.P. and Carr. On January 30, 1985, defendants filed and served their responses to the interrogatories and their answer to the amended complaint. Defendants also filed a request for production of documents and interrogatories, to which Williams subsequently provided responses and asserted objections.
 
 
 5
 On May 15, 1985, Friedman, plaintiff's counsel, related to the district court that he was authorized by plaintiff to negotiate a settlement to resolve the pending federal court action, as well as an administrative proceeding before the Ohio Civil Rights commission. On May 20, 1985, Friedman contacted defendants' counsel and proposed a settlement agreement. Negotiations took place between counsel, and it was orally agreed that defendants would pay to plaintiff $6,000, plus $4,500 for legal expenses, in settlement of all of plaintiff's claims against defendants and in exchange for which the parties would execute mutual releases. At some time between May 20 and May 28, 1985, however, Williams asserted to Friedman that he was not satisfied with the settlement. Although plaintiff reiterated his position, counsel continued, in his letters, to assert his authority to settle.
 
 
 6
 On July 15, 1985, a status call was held before District Judge George W. White. Present before Judge White were plaintiff Williams; plaintiff's counsel Friedman; William O'Neill, Assistant Attorney General, representing the Ohio Civil Rights Commission; and, by telephone, Paul J. Siegel, counsel for the defendants. During the conference, Friedman advised Judge White that the settlement amount and other terms agreed upon by counsel were within the parameters established by Williams. Judge White then questioned plaintiff about his authorization of Friedman to negotiate for and enter into a settlement of all of plaintiff's claims against L.C.P. and Carr. Plaintiff confirmed that he had authorized Friedman to settle all of his claims if he could do so "within a certain range." When asked by Judge White, "Is it true that you gave your attorney parameters and he negotiated within those parameters?", plaintiff responded, "yes." Williams explained to the court that he was reneging on the settlement because he was "unhappy" with the resolution. Williams adhered to this position even though the court responded that it could not allow plaintiff to remedy his "unhappiness" by reneging on a duly authorized settlement agreement.
 
 
 7
 On August 13, 1985, the district court, finding that Williams had "answered unequivocally 'Yes' " when "[t]he court inquired of plaintiff whether or not he instructed his attorney to settle the action within certain parameters," entered an order enforcing the settlement. On August 23, 1985, Williams, pro se, moved to vacate the district court order. The district court denied plaintiff's motion on September 26, 1985. Upon the motions of the Attorney General of the State of Ohio and the defendants the Ohio Civil Rights Commission (OCRC) dismissed the administrative complaint alleging race discrimination under state law that it had issued against L.C.P. and Carr, on the ground that the district court's August 13, 1985, order barred further state administrative proceedings, Williams, pro se, now appeals.
 
 
 8
 A federal district court has the inherent and equitable power to enter a judgment enforcing an agreement in settlement of litigation, even where the agreement has not been arrived at in the presence of the court or reduced to writing. See Kukla v. National Distillers Products Company, 483 F.2d 619, 621-22 (6th Cir. 1973). Settlement is similarly encouraged in Title VII cases, where the evidence establishes the agreement and "that the employee's consent to the settlement was voluntary and knowing." Alexander v. Gardner-Denver Co., 415 U.S. 36, 52 n.15 (1974); Lyles v. Commercial Lovelace, 684 F.2d 501 (7th Cir. 1982); Fulgence v. J. Ray McDermott & Co., 662 F.2d 1207 (5th Cir. 1981); see Odomes v. Nucare, Inc., 653 F.2d 246, 252-53 (6th Cir. 1981).
 
 
 9
 On the limited record before us and in the absence of a transcript, we find that the district court did not abuse its discretion in enforcing the settlement agreement reached by counsel. The admittedly informal status call conference, at which counsel and the plaintiff were present, permitted the district court an adequate opportunity to inquire into the factual question of whether plaintiff had given his attorney the authority to settle the case on the terms to which counsel eventually agreed. On this record, we cannot conclude that the district court's factual finding that plaintiff gave his attorney this authority is clearly erroneous. We also find that the district court did not abuse its discretion in concluding that Williams voluntarily and knowingly waived his rights and thus in enforcing the settlement.
 
 
 10
 The judgment of the district court is affirmed.