836 F.2d 1347
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
COMMUNICATORS, INC., Plaintiff-Appellee,
v.
SPIRO AMERICA, INC., Defendant-Appellant.
 No. 87-3013.
 United States Court of Appeals, Sixth Circuit.
 Jan. 6, 1988.
 
 Before LIVELY, Chief Judge, CORNELIA G. KENNEDY, Circuit Judge, and JOHN W. PECK, Senior Circuit Judge.
 PER CURIAM.
 
 
 1
 Defendant-appellant, Spiro American, Inc. (Spiro), appeals from a judgment in this diversity-based contract action in favor of plaintiff-appellee, Communicators, Inc. (Communicators), an advertising agency. The District Court entered the judgment after Spiro breached the settlement agreement between the parties. Spiro argues that Communicators also breached the settlement agreement and that judgment was improperly entered. Since Spiro failed to present this issue to the District Court, it may not be raised on appeal. We therefore AFFIRM.
 
 
 2
 Communicators filed this action claiming that Spiro had not paid it for services rendered. On August 26, 1986, the parties agreed to a settlement memorialized in a "Stipulation for Dismissal and Judgment Entry," dated September 10, 1986. The settlement agreement included a provision that
 
 
 3
 should Spiro fail to make any of the payments hereinafter set forth, by the dates set forth herein for the payment thereof, time being of the essence, Communicators may vacate the dismissal entry and substitute therefore an entry granting Communicators judgment against Spiro in the amount of ... ($16,207.03) plus interest ... and Communicators shall have the right to immediate execution thereon.
 
 
 4
 Joint Appendix at 19-20.
 
 
 5
 On September 30, 1986, Communicators moved to vacate the dismissal entry and to reduce the settlement agreement to judgment because Spiro had failed to make a $2,500 payment due on September 26. Spiro's counsel was aware of the motion, and told Communicators' counsel that Spiro would oppose it. He also asked Communicators' counsel to stipulate to an extension of time to allow Spiro to prepare its opposition. Communicators' counsel refused to stipulate but, according to Spiro's counsel, he indicated he would not oppose such an extension. However, Spiro never filed a motion to extend, Spiro's counsel saying this was due to his neglect. Nor did Spiro ever inform the District Court that it opposed Communicators' motion, or that it claimed any excuse for its nonperformance.
 
 
 6
 On December 4, 1986, more than two months after Communicators' motion, the District Court entered judgment in conformity to the quoted portion of the settlement agreement. Spiro then filed a motion for relief from judgment pursuant to Rule 60(b) of the Federal Rules of Civil Procedure which Communicators opposed. The District Court has not acted upon that motion because Spiro, on January 2, 1987, filed this appeal.
 
 
 7
 On appeal Spiro argues that its breach of the District Court, except as part of Spiro's 60(b) motion. Communicators argues correctly that this argument has therefore not been preserved for review by this Court, Schneider v. Electric Auto-Lite Co., 456 F.2d 366, 375 (6th Cir.1972).
 
 
 8
 In addition, Spiro claims it was error for the District Court to enter judgment without holding an evidentiary hearing. As far as the District Court was aware, the motion was unopposed and there was no disputed issue of fact. No evidentiary hearing is required when there is no contrary evidence to be heard. This distinguishes this case from Kukla v. National Distillers Products Co., 483 F.2d 619 (6th Cir.1973) relied upon by Spiro. In Kukla, the terms of the settlement agreement were contraverted by affidavit before the District Court, and there was an offer of proof to support the affidavit. The Kukla court quoted with approval the statement of a sister circuit that "[t]he summary procedure is admirably suited to situations where, for example, a binding settlement bargazin is conceded or shown, and the excuse for nonperformance is comparatively unsubstantial," id. at 621, quoting Autera v. Robinson, 419 F.2d 1197, 1200 (D.C.Cir.1969). The settlement agreement in the present case is conceded, and, at the time of the District Court's judgment, there was no excuse for nonperformance presented.
 
 
 9
 Spiro requests that, if this Court does not reverse the District Court on the merits, we remand the action to the District Court to consider 60(b) motion. We see no reason for a remand. Our affirmance does not affect the District Court's right to consider and rule on the 60(b) motion.
 
 
 10
 Accordingly, the judgment of the District Court is AFFIRMED.