57 F.3d 1069
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
 Jesse JOHNSON, Plaintiff-Appellant,
v.
HANES HOSIERY, Defendant-Appellee.
 No. 94-6184.
 United States Court of Appeals, Sixth Circuit.
 June 1, 1995.
 
 1
 Before: JONES and RYAN, Circuit Judges; and MATIA, District Judge.*
 
 ORDER
 
 2
 Jesse Johnson appeals a district court judgment dismissing his action filed under Title VII of the Civil Rights Act of 1964, 42 U.S.C. Sec. 2000e, et seq., and the Americans With Disabilities Act of 1990, 42 U.S.C. Sec. 12101, et seq. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R. App. P. 34(a).
 
 
 3
 Johnson filed his complaint in the district court alleging that he was fired from his job with defendant due to an injury he previously incurred in the course of his employment in defendant's Olive Branch, Mississippi, facility and due to false charges that plaintiff, a black man, sexually harassed a white woman. Defendant filed its answer and subsequently moved the court for leave to amend its answer to assert an additional defense that plaintiff executed a release of his claims following the filing of the complaint in this case. Next, plaintiff's deposition was apparently taken by defendant although no transcript of the deposition appears of record. The following day, the district court held a scheduling conference during which the subject of the release executed by plaintiff was addressed. Thereafter, the district court entered its judgment dismissing the action based upon the release. This timely appeal followed.
 
 
 4
 On appeal, plaintiff contends that the release executed by him was intended to apply only to his Mississippi workers' compensation case which was simultaneously pending against the defendant. Defendant responds that the district court did not abuse its discretion in dismissing this action on the basis of the release executed by plaintiff. Upon consideration, the judgment of the district court is affirmed because the district court did not abuse its discretion in dismissing this action based upon the release executed by plaintiff.
 
 
 5
 Generally, this court has recognized the well established authority of a district court to enforce settlement agreements in litigation pending before it. Bamerilease Capital Corp. v. Nearburg, 958 F.2d 150, 152 (6th Cir.), cert. denied, 113 S. Ct. 194 (1992); Brock v. Scheuner Corp., 841 F.2d 151, 154 (6th Cir. 1988); Kukla v. National Distillers Prods. Co., 483 F.2d 619, 621 (6th Cir. 1973). Ordinarily, an evidentiary hearing is required where facts material to an agreement are disputed. Nearburg, 958 F.2d at 153; Aro Corp. v. Allied Witan Co., 531 F.2d 1368, 1372 (6th Cir.), cert. denied, 429 U.S. 862 (1976); Kukla, 483 F.2d at 622. However, this court also has concluded that no evidentiary hearing is required where an agreement is clear and unambiguous and no issue of fact is present. Aro Corp., 531 F.2d at 1372. A district court's decision to enforce an agreement will be reviewed only for an abuse of discretion. United States v. Hardage, 982 F.2d 1491, 1496 (10th Cir. 1993); Callie v. Near, 829 F.2d 888, 890 (9th Cir. 1987). Here, the district court did not abuse its discretion in dismissing plaintiff's action based upon his execution of a release of his claim against defendant.
 
 
 6
 As noted by the district court, plaintiff does not dispute executing the release or that the document provides that he expressly waives "any claims which I now have or might have in the future against said Employer arising out of the Americans With Disabilities Act or any claim for sex, age or racial discrimination." It is noted that plaintiff had little opportunity to challenge the applicability of the release to this case in the district court. First, defendant filed a motion for leave to amend its answer based upon the release, but no motion to dismiss or for summary judgment was filed. Second, the district court addressed the release with counsel for defendant ex parte after plaintiff did not appear promptly for the scheduling conference. The transcript reflects that plaintiff had little opportunity to address the matter after he arrived late and counsel for defendant was gone. Nonetheless, the district court did not abuse its discretion in dismissing the case when presented with the release that plaintiff admits he executed in which he ostensibly waived his claim.
 
 
 7
 Further, plaintiff's claim regarding the validity of the release will not be considered in the first instance on appeal. Plaintiff has submitted documents which appear to support his claim that the release should not apply in this case. However, these documents are not contained in the district court record and should not be considered in the first instance on appeal. See Fed. R. App. P. 10(a); John Hancock Mut. Life Ins. Co. v. Weisman, 27 F.3d 500, 506 (10th Cir. 1994); Fassett v. Delta Kappa Epsilon, 807 F.2d 1150, 1165 (3d Cir. 1986), cert. denied, 481 U.S. 1070 (1987). Plaintiff's recourse is to move the district court for relief from its judgment pursuant to Fed. R. Civ. P. 60(b). See, e.g., Brown v. County of Genesee, 872 F.2d 169, 174-76 (6th Cir. 1989) (per curiam); Hinsdale v. Farmers Nat'l Bank & Trust Co., 823 F.2d 993, 995-96 (6th Cir. 1987); Aro Corp., 531 F.2d at 1371. Therefore, the claim will not be considered by this court in the first instance. The plaintiff is not, of course, foreclosed from bringing a motion pursuant to Fed. R. Civ. P. 60(b).
 
 
 8
 Accordingly, the judgment of the district court is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Paul R. Matia, United States District Judge for the Northern District of Ohio, sitting by designation