[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
AUG 29, 2008
THOMAS K. KAHN
CLERK

_____

No. 08-10923
Non-Argument Calendar

_____

D. C. Docket No. 07-00302-CV-OC-10-GRJ

TERRY A. BURLISON,

Plaintiff-Appellant,

versus

KAREN J. ROGERS,
individually and as a Marion County Court Clerk,
MARION COUNTY, FLORIDA,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

**(August 29, 2008)**

Before ANDERSON, MARCUS and WILSON, Circuit Judges.

PER CURIAM:

Appellant Terry Burlison, proceeding pro se, appeals the denial of his motion to proceed in forma pauperis ("IFP") and the sua sponte dismissal of his 42 U.S.C. § 1983 action, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).[1] Burlison's complaint sought $3,500,000 against the clerk of the Marion County Court, who purportedly suspended appellant's driver's license during the pendency of his appeal in an underlying traffic court judgment. On appeal, Burlison argues that appellees violated his due process rights when they suspended his driver's license without probable cause, and that the order suspending his license was unlawful because it violated his right to appeal the county court's order of suspension. For the following reasons, we affirm the dismissal of appellant's § 1983 action.

Section 1915(e)(2) mandates that the district court dismiss an IFP action if it determines that the action "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii). We review de novo a district court's sua sponte

---

[1] Appellant's notice of appeal and his initial brief with this Court purport only to challenge the denial of his motion for default judgment, entered after his suit was dismissed. Ordinarily, an express designation of the order appealed from infers the lack of intent to appeal unmentioned orders. Osterneck v. E.T. Barwick Indus., Inc., 825 F.2d 1521, 1529 (11th Cir. 1987). However, because we review pro se pleadings liberally, holding them to a less stringent standard than those drafted by attorneys, Hughes v. Lott, 350 F.3d 1157, 1160 (11th Cir. 2003), and because the denial of a motion for default judgment is not a final, appealable order, Mass. Cas. Ins. Co. v. Forman, 469 F.2d 259, 260 n.1 (5th Cir. 1972), we will construe appellant's appeal to reach the denial of his motion to proceed IFP and the subsequent dismissal of his suit. See also Kicklighter v. Nails by Jannee, Inc., 616 F.2d 734, 739 n.1 (5th Cir. 1980) ("[I]n this circuit, it is well settled that an appeal is not lost if a mistake is made in designating the judgment appealed from where it is clear that the 'overriding intent was effectively to appeal.'").

dismissal for failure to state a claim under § 1915(e)(2)(ii), viewing the allegations in the complaint as true.  Hughes v. Lott, 350 F.3d 1157, 1159-60 (11th Cir. 2003).

In a civil rights action brought under § 1983, a plaintiff must demonstrate that he was deprived of a federally protected right by a person acting under the color of state law.  Patrick v. Floyd Med. Ctr., 201 F.3d 1313, 1315 (11th Cir. 2000).  The Due Process Clause of the Fourteenth Amendment provides two categories of constitutional protection: procedural due process and substantive due process.  A violation of either category of protection "may form the basis for a suit under section 1983."  McKinney v. Pate, 20 F.3d 1550, 1555-56 (11th Cir. 1994) (en banc).  Substantive due process, however, protects only those rights that are "'fundamental,' that is, rights that are 'implicit in the concept of ordered liberty.'"  Id. (citations and quotations omitted).  When the right at stake—here, possession of a driver's license—is a right created only by state law, it is not a right that gives rise to substantive due process protection under the Due Process Clause.  Id.  However, procedural due process protects against the deprivation of a driver's license by the State.  Dixon v. Love, 431 U.S. 105, 112, 97 S. Ct. 1723, 1727 (1977).

Sufficient process "requires that a private citizen be given notice and an opportunity to be heard before a government official seizes his property."  Quik

3

Cash Pawn & Jewelry, Inc. v. Sheriff of Broward County, 279 F.3d 1316, 1322 (11th Cir. 2002).  Additionally, "as long as some adequate postdeprivation remedy is available, no due process violation has occurred."  Lindsey v. Storey, 936 F.2d 554, 561 (11th Cir. 1991) (emphasis in original).

After review of the record and careful consideration, we discern no reversible error.  Appellant has not shown that he was deprived of procedural due process in the suspension of his driver's license.[2]  He was clearly and unambiguously provided with notice of the suspension; moreover, he was given twenty days to meet the requirements of the order and avoid the suspension.  He was told that he could request an administrative hearing to challenge the suspension.  Having failed to establish even the bare minimum of a procedural due process violation, the district court properly dismissed his claim sua sponte under § 1915(e)(2)(B)(ii) for failure to state a claim on which relief may be granted.

**AFFIRMED.**

---

[2] Appellant had available to him—and, indeed used—state remedies to address the underlying traffic violation giving rise to the ordered driver's education class and the subsequent suspension of his license.