KRUPANSKY, Circuit Judge.
The plaintiff Bostick Foundry Co. (the plaintiff or Bostick), a Chapter 11 debtor, appealed the order of the district court dismissing its suit against the defendant-appellant Lindberg, Inc. (the defendant or Lindberg), a division of Sola Basic Industries, Inc.
The procedural history of the instant case is somewhat involved. Bostick initiated an action in February of 1979 in the United States District Court for the Eastern District of Michigan against the defendant Lindberg, styled Bostick Foundry Co. v. Lindberg, Div. of Sola Basic Industries, No. 79-40044 (E.D.Mich.1979) (later denominated Civil Action No. 79-10297), predicated upon diversity jurisdiction wherein it alleged negligence and breach of warranty incident to the sale by the defendant to the plaintiff of an industrial coreless induction furnace. The defendant counter *281 claimed and joined a supplier, Venetta, Inc., as a third-party defendant. In December of 1980, the plaintiff Bostick filed a voluntary petition in bankruptcy under Chapter 11 in the Eastern District of Michigan.
The docket sheet in the district court disclosed that on February 4, 1981, Judge James Harvey conducted a pretrial conference in the Bostick-Lindberg district court action during which proceeding he reviewed the status of the discovery proceedings which had continued after the filing of the bankruptcy petition and also scheduled a trial date of September 14, 1981. The district court litigation was never removed to the bankruptcy court nor was such removal sought. On August 26, 1981, the bankruptcy court confirmed the sale of certain Bostick assets but excluded therefrom, inter alia, Bostick’s district court lawsuit against Lindberg. The bankruptcy court contemporaneously lifted the automatic stay of proceedings that had attached to the district court litigation pursuant to 11 U.S.C. § 362[1] as a result of the voluntary petition in bankruptcy filed by Bostick.
On September 17, 1981, Judge Harvey referred the district court litigation to Magistrate Harvey Walker subsequent to designating him as a special master. Judge Harvey thereafter rescheduled trial for March 15, 1982. During the months immediately preceding the rescheduled trial date, the parties continued to pursue exhaustive discovery in preparation for trial. On March 9, 1982, shortly before trial, the defendant’s motion for partial summary judgment on certain claims involving implied warranties and incidental and consequential damages was granted by Judge Harvey on the recommendation of Magistrate Walker.
On March 15, 1982, the parties appeared in the district court to commence trial. The plaintiff Bostick was represented by its counsel of record Charles White (White), who appeared with William Shapiro, an officer and principal shareholder and creditor of Bostick. Instead of proceeding with the trial, the parties negotiated and concluded a settlement that resolved the claims of all parties in interest, which settlement agreement was placed upon the record of the court. Under the terms of the settlement, the defendant Lindberg was to pay the plaintiff Bostick the sum of $40,000 and the claims and cross-claims of the parties were to be dismissed with prejudice. The parties were to memorialize the settlement by filing with the district court within 30 days an executed settlement agreement incorporating the terms and conditions of their agreement as reflected by the court record. Although an executed agreement was not filed within the 30-day period mandated by the court, the defendant Lindberg forwarded two checks totalling $40,000 to the plaintiff Bostick in accordance with the terms of the settlement.
On September 30, 1982, approximately six months after the settlement between the parties, two of Bostick’s creditors filed an application in the bankruptcy court seeking to set aside the settlement, charging that it was not in the best interests of the estate. On November 12, 1982, Bankruptcy Judge Ray Graves conducted a hearing ostensibly to determine if the settlement concluded on March 15, 1982 between Bostick and Lindberg in Case No. 79-40044/10297 before the district court was in the best interests of the estate. On that same date, Bankruptcy Judge Graves issued an order wherein he rejected, out of hand, the district court’s March 15, 1982 settlement without stating any reasons therefor.[2] On December 23, 1982, then *282 District Judge Ralph Guy, upon reviewing Lindberg’s motion for leave to appeal the November 12, 1982 bankruptcy court order to the district court filed pursuant to 28 U.S.C. § 1334, concluded that the bankruptcy court order was not a final appealable order and declined to certify it to the district court as an interlocutory appeal. He dismissed Lindberg’s appeal without considering whether the settlement was in the best interests of the estate. No appeal was taken from Judge Guy’s order of dismissal.
On December 3, 1982, while Lindberg’s, motion for leave to appeal was pending before District Judge Guy, the bankruptcy court at the request of Bostick replaced attorney White as Bostick’s legal counsel and appointed Timothy Wittlinger (Witt-linger) as counsel of record to pursue the district court Bostick-Lindberg civil litigation in Case No. 79-40044/10297. In the same order, the bankruptcy court ratified the action taken by White between December 18, 1980 (the date that Bostick filed Chapter 11 proceedings) and November 29, 1982 by appointing him as special counsel to represent Bostick and its bankrupt estate in the district court litigation with Lindberg. White’s appointment as special counsel was nunc pro tunc to December 18, 1980. On December 7, 1982, Lindberg, in an effort to expedite the proceeding before the district court, filed an application with the bankruptcy court seeking approval of the March 15, 1982 district court settlement. On December 10, 1982, Wittlinger, as Bostick’s counsel of record, notified Lindberg by letter that Bostick would not honor the district court settlement of the Bostick-Lindberg civil litigation. On February 7, 1983, Bankruptcy Judge Graves, subsequent to a hearing, issued an order denying all pending motions seeking approval of the March 15, 1982 district court settlement, concluding that Wittlinger, Bos-tick’s current legal counsel, had authority to repudiate the settlement and having properly exercised that authority in repudiating the agreement, the bankruptcy court was relieved from the responsibility of deciding if the March 15, 1982 district court settlement was in the best interests of the bankrupt estate because the issue was moot.
On January 6, 1984, Lindberg filed a motion in the district court before Judge Harvey, styled a “Motion to Enforce the Settlement and Dismiss Plaintiff’s Complaint with Prejudice,” seeking enforcement of the March 15, 1982 settlement and dismissal of the plaintiff’s action. Bostick opposed the motion. On June 27, 1985, Judge Harvey granted the defendant Lind-berg’s motion and accordingly dismissed the plaintiff’s action on the merits and ordered that the settlement be enforced. Judge Harvey in an opinion supporting his disposition of the action concluded that the district court possessed continuing jurisdiction over the case, that the district court proceedings had not been removed to the bankruptcy court, that the bankruptcy court had lifted the stay of the district court proceeding that had automatically attached to the action by operation of law pursuant to 11 U.S.C. § 362, that the settlement has been duly concluded by Bostick’s counsel of record on March 15, 1982, and that the Bankruptcy Rules which governed practices and procedures in bankruptcy court did not affect the jurisdiction of a district court in a related case or its authority to dismiss the plaintiff’s complaint pursuant to a settlement concluded by the parties.
On appeal to this court, the plaintiff Bos-tick has charged that the district court’s dismissal was erroneous because Wittlinger, Bostick’s replacement legal counsel, properly repudiated the settlement and that the district court’s enforcement of the March 15,1982 settlement was improper in light of the intervening bankruptcy actions.
This circuit has long recognized the broad, inherent authority and equitable power of a district court to enforce an *283 agreement in settlement of litigation pending before it, even where that agreement has not been reduced to writing. Bowater North America Corp. v. Murray Machinery, Inc., 773 F.2d 71, 76-77 (6th Cir.1985); Odomes v. Nucare, Inc., 653 F.2d 246, 252 (6th Cir.1981); United States v. Scholnick, 606 F.2d 160, 166 (6th Cir.1979); Aro Corp. v. Allied Witan Co., 531 F.2d 1368, 1371 (6th Cir.), cert. denied, 429 U.S. 862, 97 S.Ct. 165, 50 L.Ed.2d 140 (1976); Kukla v. National Distillers Products Co., 483 F.2d 619, 621 (6th Cir.1973); All States Investors, Inc. v. Bankers Bond Co., 343 F.2d 618, 624 (6th Cir.), cert. denied, 382 U.S. 830, 86 S.Ct. 69, 15 L.Ed.2d 74 (1965). Once concluded, a settlement agreement is as binding, conclusive, and final as if it had been incorporated into a judgment and the actual merits of the antecedent claims will not thereafter be examined. Clinton Street Greater Bethlehem Church v. City of Detroit, 484 F.2d 185, 189 (6th Cir.1973).
At the outset, this court rejects the plaintiffs argument that Bostick’s legal counsel Wittlinger could effectively repudiate the March 15, 1982 settlement which was duly concluded by the . parties on that date. The plaintiff was represented by legal counsel and an officer of Bostick, both of whom assented to the agreement, the terms and conditions of which were incorporated in the district court record. Cf. In re Tidewater Group, Inc., 8 B.R. 930 (Bankr.N.D.Ga.1981).
In considering the district court’s authority to enforce the settlement in light of the pending voluntary bankruptcy proceeding commenced subsequent to the filing of the suit in the district court, this court’s attention is initially directed to the appropriate sections of the Bankruptcy Code impacting upon the matter. The plaintiff has argued on appeal that Bankruptcy Rule 9019(a), formerly 919(a), divested the district court of jurisdiction to enforce the settlement absent bankruptcy court approval thereof.[3] Pursuant to that Rule, the bankruptcy court may approve a compromise submitted to it by the trustee. See generally 4 Collier on Bankruptcy 11704.01 at 704-5 (15th ed.1985).
This court is in agreement with the district court below that those Rules govern the procedure to be followed in the bankruptcy court and do not negate the jurisdiction of a district court properly entertaining a related case under appropriate circumstances. The jurisdiction of the district court in the case at bar was invoked as a result of a diversity of citizenship of the parties pursuant to 28 U.S.C. § 1332. The district court was not divested of that jurisdiction by the intervening petition in bankruptcy filed in the bankruptcy court. Once the bankruptcy court dissolved the automatic stay of proceedings imposed upon the district court by 11 U.S.C. § 362, the district court was free to proceed with all phases of the litigation properly before it, including a disposition by trial or settlement. In sum, the district court possessed continuing jurisdiction that supported its enforcement of the settlement of the case properly pending before it. Cf. Aro Corp. v. Allied Witan Co., 531 F.2d 1368, 1371 (6th Cir.), cert. denied, 429 U.S. 862, 97 S.Ct. 165, 50 L.Ed.2d 140 (1976); In re Neese, 12 B.R. 968, 970 (Bankr.W.D.Va.1981).
Accordingly, the district court’s decision granting the defendant Lindberg’s motion to enforce the settlement concluded on March 15, 1982 and to dismiss the plaintiff’s complaint with prejudice is AFFIRMED.

. It is conceded by the parties herein that the district court thereafter possessed continuing jurisdiction to proceed with the disposition of the action commenced in February of 1979 and that any stay of proceedings pursuant to 11 U.S.C. § 362 of the Bankruptcy Code was dissolved by the August 26, 1981 bankruptcy court order.

. From this court's review of the transcript of that hearing, it is apparent that, apart from colloquy between legal counsel for the parties and the court, no dispositive action by the court is reflected. It is also apparent in the record that the bankruptcy judge never considered or decided if the district court settlement was in the best interests of the estate. It could be inferred from the record that the bankruptcy *282 court rejected the district court’s settlement because of insufficient notice to Bostick’s creditors as to its terms and conditions, although, as previously observed, the bankruptcy court’s reasons for its action were not affirmatively stated in the record.

. Bankruptcy Rule 9019 superseded Rule 919 effective August 1, 1983. The two rules are essentially identical.