857 F.2d 1475
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Victoria E. ULLMANN, Plaintiff-Appellant,
v.
OLWINE, CONNELLY, CHASE, O'DONNELL & WEYHER, et al.,
Defendant-Appellees.
 Nos. 87-3945, 87-4077.
 United States Court of Appeals, Sixth Circuit.
 Sept. 2, 1988.
 
 Before ENGEL, Chief Circuit Judge, MILBURN, Circuit Judge, and DAVID D. DOWD, District Judge*.
 PER CURIAM.
 
 
 1
 Victoria Ullmann appeals from two judgments entered in the United States District Court for the Southern District of Ohio, Western Division. The first judgment granted the motion of defendants Olwine, Connelly, Chase, O'Donnell & Weyher ("Olwine") and Job Taylor III, to enforce the parties' settlement agreement in a Title VII sexual harassment case. The second judgment awarded defendants costs and attorneys' fees pursuant to 28 U.S.C. Sec. 1927, but limited to Ullmann's opposition to defendant's motion to enforce the settlement agreement.
 
 
 2
 Ullmann, an attorney, was hired by Olwine in February of 1984 to assist in a production of documents in Dayton, Ohio, that Olwine was conducting on behalf of a client. Olwine's activities in Dayton were coordinated by Taylor, a partner in the firm. Approximately one month after she began work for Olwine, Taylor informed Ullmann that she was discharged.
 
 
 3
 Ullmann filed a charge with the Ohio Civil Rights Commission in September of 1984. She later withdrew her charge and obtained a right to sue letter. She instituted the present action in district court on March 14, 1985, alleging both sexual harassment and contractual violations. Olwine and Taylor responded by filing a motion for summary judgment. In August of 1986, the parties consented to full magistrate jurisdiction and the case was referred to Magistrate Michael Merz for all purposes.
 
 
 4
 On January 23, 1987 the court granted defendants' summary judgment motion as to the contractual claims and all but two of the sexual harassment claims which proceeded to trial on July 27, 1987. As Ullmann neared completion of her case on the morning of July 28, settlement discussions, at the urging of the Magistrate, began at noon. The parties, through counsel, announced the settlement in open court at 3:00 p.m. July 28, 1987, under which Ullmann agreed to withdraw her sexual harassment claims and the defendants agreed to withdraw their counterclaim for fraud and their motion for sanctions.
 
 
 5
 The plaintiff, as a part of the settlement agreement, offered the following statement:
 
 
 6
 MS. ULLMANN: I just wish to make a statement as to why I have chosen to settle this case. My belief in my case therein remains steadfast. I do not believe there are any bases for any rule 11 sanctions in this case, however, with the case from the Sixth Circuit going up to the Supreme Court to set forth the ramification of the proper situation in which Rule 11 will be applied I do not feel, it seems that there might end up being more litigation on the Rule 11 sanctions than on the issues that made a difference to me. Also--I'm sorry.
 
 
 7
 THE COURT: Take a second, if you wish.
 
 
 8
 MS. ULLMANN: I'm emotional and this has been with me until today and I would like that to end.
 
 
 9
 The goals that I wish to accomplish have largely been accomplished. I feel that by continuing to litigate it I will not particularly assist anyone with similar problems, however, by pursuing publications within the ramifications of the agreement with Defendant I believe that there will be more benefit provided to both myself and any one else that wishes to litigate in this area and concerning the low amount of wages that is actually at stake in this matter it seems that it has reached the point of diminishing returns as far as I'm concerned.
 
 
 10
 Counsel for the defendants prepared and submitted settlement papers and releases to counsel for Ullmann. Counsel for Ullmann gave his approval to the documents and forwarded them to Ullman for her approval. She refused to sign. She carried on correspondence with counsel for the defendants explaining her refusal and declared:
 
 
 11
 I am willing to renegotiate a settlement. The only way I will voluntarily dismiss this complaint without a cash settlement is if Judge Rice, not the magistrate, says that my conduct is sanctionable, that threatening me with $80,000+ of sanctions is appropriate judicial conduct on the part of the magistrate and that your firm has done nothing sanctionable. We can make a joint motion to him to consider our individual Rule 11 motions. As I have indicated, I will be making my own motions if no joint motion is made. Of course, I am always willing to explore other alternatives.
 
 
 12
 After a conference on August 24, 1987, at which Ullmann reiterated her refusal to comply with the settlement agreement, defendants moved to enforce the settlement and to obtain sanctions against Ullmann. On September 14, 1987 Magistrate Merz ordered Ullmann to comply with the terms of the settlement agreement. Further, on November 24, 1987, he imposed sanctions of $6,565.69 against Ullmann, an amount he determined to be equal to the amount reasonably expended by defendants in enforcing the settlement agreement.
 
 
 13
 On appeal, Ullmann challenges the judgment enforcing the settlement agreement claiming that Magistrate Merz erred:
 
 
 14
 1. In failing to recuse himself.
 
 
 15
 2. In abusing his discretion by indicating during trial and prior to settlement that he would levy sanctions against the plaintiff.
 
 
 16
 3. In reprimanding the plaintiff regarding her misconduct claim directed to the Magistrate's law clerk.
 
 
 17
 4. In enforcing the settlement agreement.
 
 
 18
 Additionally, Ullmann challenges the award of sanctions in the sum of $6,565.69 against her for her refusal to approve the settlement agreement.
 
 
 19
 We turn first to the issues raised with respect to the September 14, 1987 judgment enforcing the terms of the settlement agreement.
 
 
 20
 Magistrate Merz responded to the motion to enforce the settlement agreement with a twenty-five page opinion containing a detailed examination and rejection of Ullmann's arguments in opposition to the defendants' motion to enforce the settlement agreement. Specifically, the Magistrate rejected Ullmann's claim that the settlement agreement was void because her assent was induced by duress, that is a threat by the Magistrate to impose sanctions. The Magistrate emphatically denied such conduct, but did find consideration for the settlement agreement in the defendants' forbearance of its claim for sanctions based upon its position that Ullmann's action was frivolous. Magistrate Merz also rejected Ullmann's claim of rescission, but did honor Ullmann's position that certain terms included by defendant's counsel in the draft settlement agreement were not agreed upon in court. Consequently, the parties were held to the settlement terms as recited in open court.
 
 
 21
 Ullmann's claim for post-trial sanctions was denied. The defendants' motion for post-settlement sanctions was granted and a hearing was conducted on October 15, 1987 at which time the defendants were permitted to present evidence of their expenses reasonably incurred in enforcing the settlement agreement and the plaintiff was given an opportunity to show cause why she should not be sanctioned. Finally, the plaintiff was directed to purge herself of a Rule 11 sanction sua sponte imposed by the Magistrate for the plaintiff's personal attack upon the Magistrate's law clerk in an affidavit submitted by the plaintiff wherein she asserted:
 
 
 22
 I saw Theresa Haire, the magistrate's clerk, squeeze up her nose, wiggle her shoulders and repeat silently testimony I had just given.
 
 
 23
 Summary enforcement of a settlement agreement for which there is no dispute as to the terms of the agreement is the only appropriate judicial response, absent proof of fraud or duress. See, e.g., Aro Corp. v. Allied Witan Co., 531 F.2d 1368, 1372 (6th Cir.), cert. denied, 429 U.S. 862 (1976); Kukla v. National Distillers Products Co., 483 F.2d 619, 621 (6th Cir.1973). The Court has the inherent power to enforce agreements of settlement. Bostick Foundry Co. v. Lindberg, 797 F.2d 280 (6th Cir.1986), cert. denied, --- U.S. ----, 107 S.Ct. 953 (1987); Bowater North America Corp. v. Murray Machinery, Inc., 773 F.2d 71 (6th Cir.1985). Title VII claims are subject to dismissal where there has been a voluntary and knowing settlement. Alexander v. Gardner-Denver Co., 415 U.S. 36, 52 n. 15 (1974).
 
 
 24
 "Those who employ the judicial appellate process to attack a settlement through which controversy has been set to rest bear a properly heavy burden." Asberry v. United States Postal Service, 692 F.2d 1378, 1380 (Fed.Cir.1982).
 
 
 25
 Ullmann advances the argument that the settlement should not have been enforced because her underlying claim of sexual harassment was meritorious and defendants' counterclaim for sanctions was without merit. To set aside a settlement agreement on that basis would negate any settlement where the parties agreed to forego their respective claims. Ullmann's contention that she settled out of fear of losing the counterclaim is equally without merit.
 
 
 26
 Ullmann's claim that the settlement agreement should not have been enforced because of the duress imposed by the Magistrate's threat to impose sanctions if plaintiff failed to settle the case merits discussion. Ullmann made no reference to such a threat when she addressed the court on July 28, 1987 and stated her reasons for agreeing to the settlement. The record itself fails to disclose such a threat. Magistrate Merz specifically denied having made such a threat in his opinion ordering enforcement of the settlement agreement as he stated
 
 
 27
 Plaintiff asserts the settlement agreement is void because her assent was induced by duress, to wit, the threat of sanctions. A distinction must be drawn between two kinds of threats which are not clearly distinguished in Plaintiff's Memorandum.
 
 
 28
 A threat by a judge to impose sanctions unless a party settled a case might well be duress sufficient to void a settlement. Factually, nothing of that sort happened in this case. The Magistrate never spoke personally with the Plaintiff about sanctions, nor did he ever tell her counsel that he would impose sanctions if she refused Defendants' offer. She concedes as much by not contending there was any personal conversation or indirect threat through her counsel. Instead she says:
 
 
 29
 Even if the court did not intend to indicate that plaintiff would be sanctioned, the magistrate's comments and attitude created that impression.
 
 
 30
 (Doc. # 116, p. 8).
 
 
 31
 Plaintiff's notion of a threat of sanctions from the Court is, by her own admission, a product of her inference from the circumstances or her imagination. She gives no indication which of the Court's "comments" or manifestations of attitude created this "impression." Furthermore, this inference is all post hoc. When called upon in open court to comment on the settlement and indicate if she assented, Plaintiff, an attorney admitted to practice for nearly ten years, made absolutely no suggestion that the Court had threatened her.
 
 
 32
 Our review of the record leads to the conclusion that Ullmann has failed to meet the heavy burden of demonstrating that her assent to the settlement agreement was procured by either fraud or duress.
 
 
 33
 Ullmann also contends that the settlement agreement should be set aside because Magistrate Merz erred in failing to recuse himself prior to trial and subsequently in sua sponte sanctioning her for her affidavit criticizing the conduct of the Magistrate's law clerk. The claim that Magistrate Merz should have recused himself is wholly without merit.
 
 
 34
 Finally, the fact that the Magistrate sua sponte imposed a Rule 11 sanction of apology upon plaintiff for her derogatory comments about the Magistrate's law clerk, whether correctly decided or not, has no bearing upon the judgment enforcing the settlement agreement and consequently, we do not consider further plaintiff's claim.
 
 
 35
 For the foregoing reasons, the judgment enforcing the settlement agreement is affirmed.
 
 
 36
 The second appeal attacks the granting of sanctions pursuant to provisions of 28 U.S.C. Sec. 1927. Ullmann's objection to the award of sanctions is limited to a declaration that the settlement agreement should not have been enforced and thus sanctions are not justified. No claim is advanced that the amount of the sanctions is excessive or that the computation is erroneous. Prior to awarding sanctions, the Magistrate conducted a hearing on October 15, 1987. Ullmann failed to appear for the hearing, but the Magistrate, upon determining that Ullmann had misunderstood the order, permitted her to participate in the hearing by telephone. After completing the hearing, the Magistrate published a twelve-page opinion with findings of facts and conclusions of law none of which the plaintiff attacks other than to contend that sanctions were inappropriate. Defendants' counsel sought sanctions based upon hourly rates of $220 and $180 per hour for the two lawyers involved in the process of enforcing the settlement. The Magistrate reduced the allowable fees to $100 per hour and computed the sanctions on that basis. We find the imposition of sanctions pursuant to 28 U.S.C. Sec. 1927 to be proper and that judgment is affirmed.
 
 
 37
 In their brief the defendants-appellees seek their reasonable attorney's fees plus double costs on appeal pursuant to Fed.R.App.P. 38, 28 U.S.C. Sec. 1912 and 28 U.S.C. Sec. 1927 and request a remand to the district court to determine the amount of fees and costs involved. Having considered the request, the same is denied.
 
 
 38
 The judgments appealed in case number 87-3945 and 87-4077 are each AFFIRMED.
 
 
 
 *
 Honorable David D. Dowd, Jr., Judge, United States District Court for the Northern District of Ohio, sitting by designation