**Horace WYCHE, Plaintiff,**

v.

**PROCTER & GAMBLE, Defendant.**

**No. C–1–88–588.**

United States District Court,
S.D. Ohio, W.D.

July 12, 1990.

Donald A. Shabazz, Williams & Shabazz Co., Cincinnati, Ohio, for plaintiff.

Stephen Sloan Eberly, Dinsmore & Shohl, Cincinnati, Ohio, for defendant.

ORDER

CARL R. RUBIN, District Judge.

This matter is before the Court for consideration of the Report and Recommendation of the United States Magistrate which was filed on June 6, 1990. Appropriate notice in accordance with Rule 53(e)(2) of

---

the Federal Rules of Civil Procedure was served upon the parties.

The Court has reviewed the Report and Recommendation and examined de novo all filings herein. The Court notes that no objections have been filed by the parties. Accordingly, this Court does hereby adopt the findings and conclusions contained in said Report and Recommendation.

IT IS SO ORDERED.

### REPORT AND RECOMMENDATION GRANTING MOTION TO ENFORCE SETTLEMENT AGREEMENT AND DISMISS PLAINTIFF'S COMPLAINT WITH PREJUDICE

JACK SHERMAN, Jr., United States Magistrate.

This is an employment discrimination action brought by plaintiff, Horace Wyche, against defendant, The Procter & Gamble Company. It is brought pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.*

Defendant has moved this Court to enforce a settlement agreement allegedly entered into by the parties and pursuant to that agreement, to dismiss plaintiff's complaint with prejudice. Plaintiff opposes this motion. A hearing on the motion was held with both parties represented by counsel and a memorandum accompanying the motion was submitted by defendant.

Plaintiff originally filed this action, *pro se,* in 1988. On January 26, 1989, Kenneth G. Hawley entered an appearance as plaintiff's trial attorney. A second amended complaint was filed by Mr. Hawley and served on defendant on February 9, 1989. On March 10, 1989, defendant filed a motion to dismiss and to strike. Following the filing of defendant's motion to dismiss, plaintiff and defendant entered into discussions concerning the possible settlement of this lawsuit along with two other workers compensation claims then pending. In order to concentrate on settlement discussions, it was agreed plaintiff need not immediately respond to defendant's motion to dismiss.

The parties engaged in settlement discussions during April and May of 1989. On May 24, 1989, plaintiff, through his attorney, orally offered a settlement formula to defendant, who agreed to prepare a draft of the written agreement to be forwarded to plaintiff. In mid-June 1989, a draft of a written agreement was forwarded to plaintiff's counsel. (*See* Plaintiff's Exb. 3.) On October 5, 1989, plaintiff met with Mr. Hawley, his counsel, to review the written agreement. Plaintiff and his attorney reviewed and discussed the proposed settlement agreement. Mr. Hawley, in Mr. Wyche's presence, then telephoned counsel for defendant, Stephen S. Eberly, and informed him of three areas in the settlement agreement which were of concern to plaintiff. First, plaintiff was not satisfied with the allocation of the settlement amount of $6,000. (*See* Plaintiff's Exb. 3, p. 1, § 1(a).) Mr. Eberly suggested changes to which plaintiff agreed. Secondly, plaintiff's attorney objected to specific language in paragraph 3 of the settlement agreement, to wit, "assist in or be a witness." (*See* Plaintiff's Exb. 3, p. 3, ¶ 8.) Mr. Eberly agreed to delete this objectionable language. Finally, plaintiff objected to language in paragraph 3 on page 2 of the settlement agreement because he refused to resign from the company, and refused to sign anything that stated he would resign. (*See* Plaintiff's exb. 3, p. 2, ¶ 3.) It was agreed that this language to which plaintiff objected would be deleted, and that Procter & Gamble, at the time the agreement was executed, would present plaintiff with a letter of termination. (*See* Defendant's Exb. 3.) It was understood by both parties that because plaintiff was disabled and was not going to be returning to the company, the company had the right, under the circumstances, to terminate his employment. During this entire discussion by phone, Mr. Hawley kept Mr. Wyche informed of what Mr. Eberly was saying. At the conclusion of the October 5, 1989 telephone conversation, the precise language of the modified agreement was agreed to by all parties. On or about October 20, 1989, the changes in the settlement agreement, which had been agreed to by the parties, were made

and forwarded to Mr. Hawley. (*See* Plaintiff's Exb. 1.)

On November 7, 1989, Mr. Hawley advised defendant that Mr. Wyche refused to sign the written agreement and would not abide by the settlement to which he had agreed. Mr. Hawley indicated that Mr. Wyche sought to alter the settlement and had advised Mr. Hawley that he was no longer plaintiff's attorney. (*See* Plaintiff's Exb. 4.)

■ An oral agreement to settle a claim is enforceable under federal law. *Kukla v. National Distillers Prods. Co.*, 483 F.2d 619, 621 (6th Cir.1973); *Bostick Foundry Co. v. Lindberg, A Div. of Sola Basic Indus., Inc.*, 797 F.2d 280, 282–83 (6th Cir.1986), *cert. denied*, 479 U.S. 1066, 107 S.Ct. 953, 93 L.Ed.2d 1002 (1987). *See also Lyles v. Commercial Lovelace Motor Freight, Inc.*, 684 F.2d 501, 504 (7th Cir. 1982); *Fulgence v. J. Ray McDermott & Co.*, 662 F.2d 1207, 1209 (5th Cir.1981). A plaintiff who knowingly and voluntarily agrees to settle his claims is bound by his agreement. *Alexander v. Gardner–Denver Co.*, 415 U.S. 36, 52 n. 15, 94 S.Ct. 1011, 1021 n. 15, 39 L.Ed.2d 147 (1974); *Fulgence, id.* at 1209; *Lyles, id.* at 501. Based upon the testimony presented at the hearing, and the exhibits offered into evidence, this Court finds that plaintiff knowingly and voluntarily entered into a settlement agreement and is therefore bound by that agreement. Preliminary discussions and negotiations had taken place between plaintiff and defendant prior to October 5, 1989. On October 5, 1989, an oral agreement was reached by plaintiff and defendant. This agreement was reduced to writing and forwarded to plaintiff's attorney on or about October 20, 1989.

■ It is well-established that a district court has the inherent power to enforce agreements entered into in settlement of litigation pending before them. *Bostick, supra,* 797 F.2d at 282–283. The power of a trial court to enforce a settlement agreement has been upheld even where the agreement has not been arrived at in the presence of the court nor reduced to writing. *Kukla supra,* 483 F.2d at 621.

For the reasons set forth above, the Court hereby ORDERS that said settlement agreement (Defendant's Exb. 1) be properly filed, executed and carried out by the parties. Plaintiff's claims are DISMISSED with prejudice. Parties pay their respective costs.

IT IS SO ORDERED.

Date: 6/5/90