996 F.2d 1214
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Arthur BOYD, Sr., Plaintiff-Appellant,
v.
Bonnie Brooks CORDLE; Erie County Department of Human
Services, Defendants,
and
City of Sandusky, Defendant-Appellee.
 No. 92-3688.
 United States Court of Appeals, Sixth Circuit.
 July 7, 1993.
 
 Before GUY and SUHRHEINRICH, Circuit Judges, and JOINER, Senior District Judge.*
 PER CURIAM.
 
 
 1
 In this civil rights action, plaintiff Arthur Boyd, Sr. challenges the district court's award of attorney's fees to defendant City of Sandusky (Sandusky) under 42 U.S.C. § 1988. For the following reasons, we REVERSE and REMAND.
 
 I.
 
 2
 On September 14, 1990, plaintiff filed a complaint under 42 U.S.C. § 1983 against Sandusky, the Erie County Department of Human Services, and Bonnie Brooks Cordle, individually and in her capacity as an employee of Human Services. The complaint alleged that defendants had violated plaintiff's civil rights by filing a false child abuse complaint against him. The parties agreed to have the case tried before a magistrate judge.
 
 
 3
 Sandusky filed a motion for summary judgment, and also moved for attorney's fees under 42 U.S.C. § 1988. Defendant did not oppose Sandusky's motion for summary judgment, and it was granted. The magistrate then notified the parties that Sandusky's motion for attorney's fees was still pending, and ordered Sandusky to provide a statement of hours for which Sandusky sought compensation.
 
 
 4
 Plaintiff opposed Sandusky's motion for attorney's fees on the basis that plaintiff had agreed to dismiss his suit against Sandusky, and Sandusky had agreed not to seek attorney's fees. This alleged agreement was oral.[1] In response to this argument, the magistrate noted that, assuming such an agreement existed, plaintiff had not dismissed it, but had allowed the case to proceed to summary judgment.[2] The magistrate concluded that plaintiff had not fulfilled his part of the agreement, and Sandusky could seek attorney's fees, which the magistrate awarded.
 
 II.
 
 5
 Plaintiff argues that the oral agreement with Sandusky barred the award of attorney's fees. We have held repeatedly that oral settlement agreements are enforceable. Bamerilease Capital Corp. v. Nearburg, 958 F.2d 150, 153 (6th Cir.), cert. denied, 113 S.Ct. 194 (1992); Bostick Foundry Co. v. Lindberg, 797 F.2d 280, 282-83 (6th Cir.1986), cert. denied, 479 U.S. 1066 (1987); Aro Corp. v. Allied Witan Corp, 531 F.2d 1368, 1372 (6th Cir.), cert. denied, 429 U.S. 862 (1976); Kukla v. National Distillers Prods. Co., 483 F.2d 619, 621 (6th Cir.1973). Where the existence and terms of an oral settlement agreement are disputed, an evidentiary hearing is required. Bamerilease Capital, 958 F.2d at 153; Aro Corp., 531 F.2d at 1372; Kukla, 483 F.2d at 621-22. The magistrate erred in assuming what the terms of the agreement were rather than holding a hearing. We therefore remand for an evidentiary hearing to determine whether an agreement actually exists, and if so, whether its terms bar Sandusky from seeking attorney's fees.
 
 
 6
 REVERSED and REMANDED.
 
 
 
 *
 The Honorable Charles W. Joiner, United States Senior District Judge for the Eastern District of Michigan, sitting by designation
 
 
 [1]
 Some evidence of an agreement does exist. Certain billing entries of Sandusky's counsel indicate that he discussed settlement with plaintiff's attorney, and drafted a preliminary settlement document. Statement Detailing Hours (entries dated 12/5/91, 12/19/91, 12/31/91, and 1/20/92). The following footnote in plaintiff's motion in opposition to the other defendants' motions for summary judgment also supports his contention that some agreement existed:
 The cause of action by the plaintiff, Art Boyd, against the City of Sandusky is being dismissed. As a result the plaintiff is not responding to the City of Sandusky['s] motion[§ for summary judgment.]
 
 
 [2]
 Plaintiff maintains that he did not oppose Sandusky's motion for summary judgment because he had already agreed to dismiss the case