835 F.2d 880
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES OLYMPIC COMMITTEE, Plaintiff,
v.
DAVID SHOE COMPANY, INC. and Solomon Weisenberg,
Defendants-Third Party Plaintiffs-Appellants,
v.
TAE HWA COMPANY, LTD., Third Party Defendant-Appellee.
 No. 86-4143.
 United States Court of Appeals, Sixth Circuit.
 Dec. 8, 1987.
 
 Before NATHANIEL R. JONES, RALPH B. GUY, and BOGGS, Circuit Judges.
 PER CURIAM.
 
 
 1
 The David Shoe Company, Inc., appeals from the district court's denial of its motion to reopen its third-party complaint against the Tae Hwa Company, Ltd. The district court had previously dismissed the third-party complaint with prejudice after being informed that the parties had reached a settlement. The order of dismissal provided that any of the parties could reopen the action within sixty days if the settlement agreement was not consummated. Before the expiration of the sixty-day period, counsel for David Shoe filed a motion to reopen, alleging that the settlement had not been consummated. Counsel for Tae Hwa opposed the motion alleging that the case had been settled by an oral agreement between the parties themselves. The district court accepted the allegations of Tae Hwa as being true and therefore refused to reopen the case. Because there is an apparent factual dispute as to the existence of a settlement agreement between the parties, we find that the district court erred in dismissing the case without first holding an evidentiary hearing in order to determine whether the parties had in fact settled the dispute.
 
 I.
 
 2
 On June 14, 1982, the United States Olympic Committee filed suit against the David Shoe Company and the company president, Solomon Weisenberg, alleging, inter alia, trademark infringement and unfair competition based on the company's attempt to import several thousand pairs of shoes emblazoned with the symbol of the Olympic Committee. The David Shoe Company and Mr. Weisenberg filed a third-party complaint seeking indemnification from the Korean manufacturer of the shoes, Tae Hwa, Ltd. The Olympic Committee eventually settled its claims against David Shoe and Weisenberg. The terms of the settlement agreement were included in the district court's order of September 10, 1985, which specifically provided that the defendants had reserved the right to pursue their third-party claims against Tae Hwa.
 
 
 3
 Prior to the final settlement of the underlying case, the attorneys attended a status conference before the trial judge on December 17, 1984. These proceedings were not recorded; however, counsel for Tae Hwa allegedly informed the judge that the third-party action had been settled by an oral agreement between Mr. Weisenberg and the president of Tae Hwa. According to Tae Hwa's counsel, Mr. Weisenberg had traveled to Korea where he "shook hands" on a settlement agreement whereby David Shoe would agree to dismiss its claims against Tae Hwa in exchange for an undisclosed amount of price concessions on future purchases. Counsel for Tae Hwa further alleges that Mr. Weisenberg's attorney was present at the pre-trial conference and that he acknowledged the fact that his client had entered into an oral agreement without consulting him. Allegedly, Mr. Weisenberg's attorney stated that he was unaware of the exact terms of the settlement and he apparently expressed some reservations about the fact that the agreement had not been memorialized in writing, but did admit that an agreement had been made.
 
 
 4
 On appeal, Mr. Weisenberg's attorney presents a slightly different account of the discussion which took place before the trial judge on December 17, 1984. He claims to have admitted that his client had engaged in negotiations with the president of Tae Hwa, but he also asserts that these negotiations did not culminate in a settlement and that he has maintained this position throughout the litigation of this case.
 
 
 5
 The record reveals very little activity in the case following the September 10, 1985, order dismissing the underlying action. On May 27, 1986, another pre-trial conference was held in order to discuss the status of the remaining third-party claims. Once again, the discussion was not recorded; however, it appears that the trial judge had been given the impression that a settlement had been reached prior to the conference because the following day he issued an order which stated:
 
 
 6
 The Court having been advised by the parties that the above action has been settled;
 
 
 7
 It is Ordered that this action is hereby dismissed with prejudice, provided that any party may, upon good cause shown, within sixty days, reopen the action if settlement is not consummated.
 
 
 8
 On July 25, 1986, counsel for the David Shoe Company filed a motion to reopen the case.[1] An affidavit was attached to the motion in which the attorney swore:
 
 
 9
 Although discussions have occurred with counsel for Tae Hwa Co., LTD., there has never been formalized a settlement of the third party complaint on behalf of David Shoe Company Inc., against Tae Hwa Co., LTD.
 
 
 10
 Tae Hwa filed a brief in opposition to the motion in which it alleged that Weisenberg's counsel had already acknowledged the existence of the oral settlement agreement, and therefore, there was no basis for reopening the case.
 
 
 11
 On November 14, 1986, the district court issued its order denying the motion to reopen the case. The court reiterated the facts alleged by Tae Hwa and found that they were "[in accordance with] the Court's recollection of the conversations of the December 17, 1984, pretrial conference in chambers." In addition, the court concluded that, "since the third-party plaintiff has not replied to the third-party defendant's memorandum opposing the motion to reopen, the factual allegations contained therein are not controverted." Accordingly, the district court found that the settlement agreement had been consummated and that the case should not be reopened.
 
 II.
 
 12
 It is well established within this circuit that a district court has the inherent authority to enforce a settlement agreement between the parties before it. See Bostick Foundry v. Lindberg Division, 797 F.2d 280, 282-83 (6th Cir.1986), cert. denied, 107 S.Ct. 953 (1987). Moreover, a district court has the power to enforce a settlement even if the agreement was orally made by the parties outside the presence the court. Id. Nevertheless, this court has held that where the material terms of an alleged settlement agreement are in dispute, the district court cannot summarily enforce the agreement. See Kulka v. National Distillers Products Company, 483 F.2d 619, 621-22 (6th Cir.1973). In cases where such a dispute exists, the trial court must hold an evidentiary hearing in order to determine the terms and validity of the agreement before it places the judicial imprimatur on the settlement. Id.[2]
 
 
 13
 In Kulka, the plaintiff's attorney advised the district court that a final settlement had been reached. One of the defendants, however, balked when presented with the formal settlement agreement claiming that the written draft differed from the original proposed agreement. Plaintiff's counsel responded by filing a motion for summary judgment which incorporated the disputed terms. Attached to the motion was an affidavit to the effect that all the parties had previously agreed to the inclusion of these terms. In response, the defendant filed an affidavit of one of its employees who swore that the terms had not appeared in the initial agreement. At a hearing on the motion, all the attorneys, including defense counsel, apparently agreed to accept the plaintiff's version of the settlement negotiations, despite the conflicting affidavits. Relying on these representations, the district court entered final judgment incorporating the terms of the alleged pre-trial settlement. On appeal, we held that the trial judge erred in relying on the unsworn statements of counsel and the affidavits of plaintiff's counsel which were contrary to the affidavit of the defendant's employee who had participated in the pre-trial settlement negotiations. Accordingly, we vacated the district court's entry of summary judgment and remanded the case for an evidentiary hearing in order to determine which of the conflicting affidavits most accurately reflected the substance of the pre-trial settlement agreement. Id. at 622.
 
 
 14
 We find that the principles set forth in Kulka are controlling in the case at bar. In this case, Tae Hwa contends that the parties entered into a private oral settlement agreement outside the presence of the judge and, apparently, in the absence of Mr. Weisenberg's counsel. It remains unclear as to whether Weisenberg's counsel was alleging that no agreement was reached, or whether he was merely asserting that the agreement had not been reduced to writing and he had not been informed of its terms. If the latter is true, then the trial judge would have been correct in dismissing the case since there is no requirement that the agreement be in writing. See Kulka, 483 F.2d at 621. If, however, Weisenberg's counsel was alleging that no agreement had ever existed, then the court erred in dismissing the case without first holding an evidentiary hearing to resolve the factual dispute. We find that the motion to reopen, although somewhat ambiguous, was sufficient to create a genuine issue of fact as to whether a settlement agreement had been reached.
 
 
 15
 Accordingly, the dismissal is vacated and the case is REMANDED for an evidentiary hearing on the disputed existence of the alleged settlement agreement.
 
 
 
 [1]
 We note that counsel for David Shoe and Weisenberg filed the motion to reopen within the sixty-day period prescribed in the district court's contingent order of dismissal. Thus, the instant case is distinguishable from our recent decision in Hinsdale v. Farmers National Bank & Trust, 823 F.2d 993 (6th Cir.1987), wherein we ruled that a district court lacked the jurisdiction to enter an order enforcing a settlement agreement after an unconditional order of dismissal had already been issued. Id. at 996. In the instant case, the district court retained jurisdiction throughout the sixty-day contingency period set forth in the order of dismissal, and hence, was free to rule on the timely motion to reopen the case
 
 
 [2]
 The trial court may dispense with the evidentiary hearing if the terms of the settlement are clearly established and the dispute centers on the legal significance of those terms rather than their factual existence. See Aro v. Allied Witan Co., 531 F.2d 1368, 1372 (6th Cir.), cert. denied, 429 U.S. 862 (1976)