NOT RECOMMENDED FOR FULL TEXT PUBLICATION
File Name: 05a0211n.06
Filed: March 24, 2005

Case No. 03-4023

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

| | | |
|---|---|---|
| JUDY BOBONIK, | ) | |
| | ) | **ON APPEAL FROM THE UNITED** |
| **Plaintiff-Appellant** | ) | **STATES DISTRICT COURT FOR** |
| | ) | **THE NORTHERN DISTRICT OF** |
| v. | ) | **OHIO, EASTERN DIVISION** |
| | ) | |
| MEDINA GENERAL HOSPITAL, | ) | |
| et al., | ) | |
| | ) | |
| **Defendants-Appellees.** | ) | |

BEFORE: NELSON and COLE, Circuit Judges; and SARGUS, District Judge.[*]

**SARGUS, District Judge.** Plaintiff-Appellant, Judy Bobonik ("Bobonik"), worked as a nurse at Medina General Hospital, Defendant-Appellee herein ("Hospital"). Following a back injury at work, Plaintiff filed a claim with the Ohio Bureau of Workers' Compensation. Subsequently, Bobonik, through different legal counsel, filed a complaint alleging violations of the Americans with Disabilities Act and Ohio common law relating to her disabilities. The district court held a settlement conference during which the parties indicated that they had resolved the case. The district court thereafter dismissed the case and retained jurisdiction to enforce the settlement agreement. The parties now disagree as to whether the terms of the settlement included a full release of Bobonik's workers' compensation claim. The district court issued an order enforcing the settlement

---

[*] The Honorable Edmund A. Sargus, Jr., United States District Judge for the Southern District of Ohio, sitting by designation.

agreement from which Bobonik now appeals. For the reasons that follow, the district court's order dismissing the case is **VACATED** and the case is **REMANDED** for a hearing on the factual disputes surrounding the terms of the agreement.

## I.

Bobonik is a former employee of Medina General Hospital, where she worked as a registered nurse in the telemetry and oncology unit, until she experienced a workplace injury to her back in April of 2000. As a result of various physical restrictions, Bobonik returned to work at the Hospital in a light duty position. The Hospital informed Bobonik on or about May 9, 2001 that she would no longer be needed in her light duty position and placed her on indefinite leave without pay. Thereafter, Bobonik began new employment with Doctor's Hospital in August, 2001.

On October 24, 2002, Bobonik filed a lawsuit against Medina General Hospital and Medina General Hospital Foundation, Inc.[1] in the United States District Court for the Northern District of Ohio. Bobonik alleged violations of the Americans with Disabilities Act, 42 U.S.C. § 12101 *et seq*. ("ADA"), that she was constructively discharged in violation of Ohio public policy and that the Hospital retaliated against her in violation of Ohio Revised Code Chapter 4112.

Prior to initiating her federal lawsuit, Bobonik filed a claim with the Ohio Bureau of Workers' Compensation related to her workplace injury and was receiving workers' compensation benefits. Attorney Dean Wagner formerly and presently represents Bobonik with respect to all workers' compensation matters. Wagner does not represent Bobonik in her federal case.

The district judge conducted a settlement conference in Bobonik's federal case on April 9,

---

[1]     Bobonik dismissed Medina General Hospital Foundation, Inc. on February 18, 2003. The Foundation is therefore not a party to this appeal.

2003. These proceedings were not held on the record. Bobonik and her attorney, Steven Paulson, along with counsel and two representatives of the Hospital, attended and participated in the settlement conference. At the end of settlement conference, the parties appeared to have reached a resolution to their disputes. The district court therefore entered a Stipulated Dismissal Order dismissing the case as settled, which counsel for Bobonik and the Hospital signed.[2]

After the settlement conference, counsel for the Hospital forwarded a draft settlement agreement to counsel for Bobonik which contained a full release of Bobonik's workers' compensation claim.[3] Bobonik refused to execute the settlement agreement, asserting that she had only agreed to settle all claims associated with the federal case and the wage-loss portion of her workers' compensation case.[4] She maintains that at no time during the settlement conference did she agree to release the Hospital of her entire workers' compensation claim. Bobonik argues that she deliberately left open the potential for temporary total disability benefits in the event that she would need future surgery on her back. As evidence of her position that she would not have bargained away her future right to benefits, Bobonik contends that the value of her settlement would have substantially increased if she intended to include the temporary total disability portion of her workers' compensation claim. The Hospital, on the other hand, maintains that Bobonik agreed to

---

[2]     The district court retained jurisdiction to enforce the settlement agreement in its Order dismissing the case. (JA at 16.)

[3]     The parties have not included a copy of the written settlement agreement as part of the Joint Appendix due to the confidentiality of its provisions.

[4]     Under Ohio workers' compensation law, an eligible employee is entitled to temporary total disability benefits if he or she is unable to work for a temporary period of time following his or her workplace injury. Ohio Rev. Code § 4123.56(A). Wage loss refers to a separate type of benefit wherein an individual returns to work following an injury but is earning less than he or she did in her previous position. This benefit is paid to a worker while the person continues to be employed. Ohio Rev. Code § 4123.56(B). In this case, at the time of the settlement conference, Bobonik worked for Doctor's Hospital earning less than she did at Medina General. She therefore collected wage-loss benefits.

release the entirety of her workers' compensation claim.[5]

On July 3, 2003, the Hospital moved the district court to enforce the parties' settlement agreement. On the same date, Bobonik also moved to enforce the settlement agreement. On July 7, 2003, the district court conducted a telephone conference and heard the parties with respect to their respective motions.[6] Also on July 7, 2003, but after the telephone conference with the court, Bobonik filed a request for a hearing. On July 8, 2003, the district court issued an Order granting the Hospital's motion to enforce the settlement agreement. The district court found that, "[a]fter reviewing the Court's notes of the April 9, 2003 settlement conference and conducting a telephone conference with counsel, the undersigned concludes that its notes are consistent with the position of Defendant Medina General Hospital." (JA at p. 37.)[7]

---

[5] The Hospital also suggests that the reason Bobonik allegedly reneged on the settlement is because Dean Wagner, her workers' compensation attorney, would have been undercut in his fees and wanted to "up the ante" so as to share in the proceeds. The Hospital also states that Wagner demanded continuation of Bobonik's wage-loss benefits under the threat of filing a complaint against the Hospital with the Ohio Bureau of Workers' Compensation. Neither of these accusations is supported in the record of this case. Although the Hospital's appellate brief refers to correspondence between Wagner and the Hospital as being attached to its motion to enforce settlement, the exhibits to the motion, including the letters between counsel, are not part of the Joint Appendix.

[6] It does not appear that this telephone conference was transcribed by a court reporter. If the conference was recorded, the transcript is not part of the record.

[7] The district court issued an order staying the case during the pending appeal over the Hospital's objection that it would be prejudiced by having to pay Bobonik's workers' compensation claim during the appeal. The district court did not require Bobonik to post a supersedeas bond during the pendency of her appeal but determined that any money the Hospital pays to Bobonik for her workers' compensation claim shall be offset against the money the Hospital owes to Bobonik under the settlement agreement. (JA at p. 40.)

**II.**

The district court had jurisdiction over the case pursuant to the ADA, 42 U.S.C. § 12101 and federal question jurisdiction, 28 U.S.C. § 1331. The district court had the authority to dismiss claims while retaining subject matter jurisdiction over the future enforcement of the settlement agreement. *Kokkonen v. Guardian Life Ins. Co. of Am.,* 511 U.S. 375, 381 (1994); *Futernick v. Sumpter Township*, 207 F.3d 305, 310 (6th Cir. 2000). This Court has jurisdiction over the district court's final decision enforcing the settlement agreement pursuant to 28 U.S.C. § 1291.

We review the district court's factual determination that the parties had reached an agreement as to the terms of the settlement for clear error. *Re/Max Int'l v. Realty One, Inc.*, 271 F.3d 633, 645 (6th Cir. 2001). Following this preliminary factual finding, we review the district court's decision to grant a motion to enforce a settlement agreement for an abuse of discretion. *Id.* at 645-46. An abuse of discretion exists only if the Court has a "'definite and firm conviction that the court below committed a clear error of judgment in the conclusion it reached upon weighing of the relevant factors;" or 'where [the trial court] improperly applies the law or uses an erroneous legal standard.'" *Paschal v. Flagstar Bank*, 295 F.3d 565, 576-77 (6th Cir. 2002)(quoting *Heuy v. Stine*, 230 F.3d 226, 228 (6th Cir. 2000)).

**III.**

Bobonik contends that the district court erred by failing to conduct an evidentiary hearing in order to determine whether the parties had come to an agreement as to all terms of the settlement. She argues that the parties disagree as to whether they had agreed to settle only the wage loss portion of her workers' compensation claim, as opposed to the claim in its entirety.

"Agreements settling litigation are solemn undertakings, invoking a duty upon the involved

lawyers, as officers of the court, to make every reasonable effort to see that the agreed terms are fully and timely carried out." *Aro Corp. v. Allied Witan Co.*, 531 F.2d 1368, 1372 (6th Cir. 1976). Courts, therefore, should uphold settlement agreements whenever equitable and policy considerations allow. *Id.*

"The power of a trial court to enter a judgment enforcing a settlement agreement has its basis in the policy favoring the settlement of disputes and the avoidance of costly and time-consuming litigation." *Kukla v. National Distillers Prods., Co.*, 483 F.2d 619, 621 (6th Cir. 1973)(citations omitted). Before enforcing a settlement agreement, however, a district court must conclude that the parties have reached an agreement on all materials terms. *Brock v. Scheuner Corp.*, 841 F.2d 151, 154 (6th Cir. 1988). Courts are empowered to summarily enforce settlement agreements in order to promote the policy of speedy and reasonable resolution to disputes. *Aro*, 531 F.2d at 1372. While summary enforcement of a settlement agreement may promote a prompt resolution of the litigation, ordinarily the district court must hold an evidentiary hearing where facts material to an agreement are disputed. *Kukla*, 483 F.2d at 621; *Re/Max*, 271 F.3d at 645-46; *see also United States Olympic Comm. v. David Shoe Co., Inc.*, Case No. 86-4143, 1987 WL 24125 *2 (6th Cir. Dec. 8, 1987) (unreported)(holding that district court erred in dismissing case without first holding an evidentiary hearing because an apparent factual dispute existed as to the existence of a settlement agreement).

The summary procedure is best suited for situations in which the terms of the settlement agreement are clearly established and the dispute centers on the legal significance of those terms, rather than their factual existence. *Kukla*, 483 F.2d at 621-22 (citations omitted). No evidentiary hearing is necessary where an agreement is clear and no issue of fact is present. *Re/Max*, 271 F.3d at 646. The trial court may not dispense with an evidentiary hearing, however, when the situation

presents complex factual issues related either to the formation or the consummation of the contract. *Id.* Issues of fact may be satisfactorily resolved only through a more plenary proceeding including testimony and cross-examination of witnesses. *Kukla*, 483 F.2d at 622 (citations omitted); *Re/Max*, 271 F.3d at 646.

In this case, Bobonik argues that at least one of the material terms of the agreement remains in dispute. As such, she contends that the district court erred when it granted the Hospital's motion to enforce the settlement without holding her requested hearing. The Hospital, on the other hand, flatly rejects the notion that a factual term of the settlement agreement is in dispute and instead insists that Bobonik agreed to settle her entire workers' compensation claim.[8] The Hospital characterizes the district court's telephone conference on July 7, 2003 as a "hearing" and maintains that a further evidentiary hearing was not warranted because no substantial dispute existed with respect to the terms of the agreement. The Hospital also argues that summary enforcement of the settlement agreement without an evidentiary hearing was proper because the parties negotiated and entered into the agreement in the presence of the district judge, who referred to his own notes before granting the Hospital's motion to enforce.

There is no dispute that the parties entered into a settlement agreement and that they believed they had resolved the federal litigation. The issue turns on whether the parties agreed to a key term in the agreement. This factual issue of whether the parties agreed to settle Bobonik's entire workers' compensation claim or only the wage-loss portion should have been resolved through a hearing. The

---

[8]     The Hospital argues at length that the Bobonik and her attorney, Paulson, had actual and apparent authority to enter into a settlement of all claims. Bobonik does not challenge her attorney's authority to settle her workers' compensation claim and that Paulson in fact settled the wage-loss portion of the claim. Bobonik is not suggesting that her attorney *could* not settle the claim; she contends that he *did* not.

district court could not properly resolve this factual dispute and credit the Hospital's version of the settlement terms merely by relying on unsworn statements of counsel during the telephone conference and upon its own notes. *See David Shoe,* 1987 WL 24125 at * 3 (finding error when district judge relied on his recollection of an unrecorded conference in lieu of a hearing on the disputed existence of a settlement agreement).

## IV.

The district court erred in failing to conduct an evidentiary hearing which would have afforded an opportunity for cross-examination and to judge the credibility of the witnesses. The district court's order dismissing the case is therefore **VACATED** and the case is **REMANDED** for an evidentiary hearing on the disputed issue of whether Bobonik and the Hospital agreed to settle her entire workers' compensation claim.