RECOMMENDED FOR FULL-TEXT PUBLICATION
Pursuant to Sixth Circuit Rule 206
File Name: 09a0185p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

———————————

JAMES H. LIMBRIGHT and HENRY J.
LIMBRIGHT,

     *Plaintiffs-Appellees,*

  *v.*

GEORGE S. HOFMEISTER, KAY R.
HOFMEISTER, and DOUGLAS Q. HOLMES, as
Trustee for the George S. Hofmeister Family
Trust f/b/o Megan G. Hofmeister; DOUGLAS
Q. HOLMES, as Trustee for the George S.
Hofmeister Family Trust f/b/o Scott R.
Hofmeister; DOUGLAS Q. HOLMES, as Trustee
for the George S. Hofmeister Family Trust
f/b/o Jamie S. Hofmeister,

     *Defendants-Appellants.*

No. 08-1731

Appeal from the United States District Court
for the Eastern District of Michigan at Detroit.
No. 04-60270—David M. Lawson, District Judge.

Argued:  March 11, 2009

Decided and Filed:  May 28, 2009

Before:  BOGGS, Chief Judge; and GILMAN and ROGERS, Circuit Judges.

———————————

## COUNSEL

**ARGUED:** Lindsay Kennedy James, SICILIANO MYCHALOWYCH VAN DUSEN &
FEUL, PLC, Farmington Hills, Michigan, for Appellants.  Bruce N. Elliott, CONLIN,
McKENNEY & PHILBRICK, P.C., Ann Arbor, Michigan, for Appellees.  **ON BRIEF:**
Lindsay Kennedy James, Andrew W. Mychalowych, SICILIANO MYCHALOWYCH VAN
DUSEN & FEUL, PLC, Farmington Hills, Michigan, for Appellants.  Bruce N. Elliott, Joy
M. Glovick, CONLIN, McKENNEY & PHILBRICK, P.C., Ann Arbor, Michigan, for
Appellees.

1

_____

**OPINION**

_____

BOGGS, Chief Judge.  In this case, we consider whether a district court may summarily enforce a settlement agreement that produced the dismissal of an earlier federal suit when the court has diversity jurisdiction over the breach-of-settlement-agreement controversy.  We conclude that it may, and we therefore affirm the district court's judgment.

I

In 2001, James and Henry Limbright sued George and Kay Hofmeister in the United States District Court for the Eastern District of Kentucky for breach of various agreements made in connection with the Hofmeisters' purchase of the Limbrights' Michigan-based business.  The Limbrights won a judgment against the Hofmeisters for $1.2 million, which they registered in the Eastern District of Michigan in June 2004.  In December 2004, the Limbrights filed a new suit against the Hofmeisters and their three irrevocable family trusts (the "Trusts") in the United States District Court for the Eastern District of Michigan.  This suit sought to reach the Trusts' assets to satisfy the earlier judgment, alleging that the Hofmeisters had fraudulently conveyed assets to the Trusts and that the Trusts were alter egos of the Hofmeisters.

On January 9, 2007, the parties reached a settlement agreement (the "Agreement").  The Trusts agreed to purchase the Limbrights' judgment and all of their claims against the Hofmeisters and the Trusts in exchange for $950,000, to be paid in five installments over approximately one year.  If the Trusts defaulted, the Agreement provided that, upon an ex parte motion by the Limbrights and without notice to the Trusts, the district court would enter a consent judgment against the Trusts for $1.3 million, less the amount of any payments made prior to default.  Additionally, the Agreement contained strict confidentiality provisions that prohibited even the district court from seeing it.

The same day, the parties notified the district court of the Agreement by fax.  The district court immediately entered an order dismissing the case with prejudice but allowing the case to be reopened to enforce the Agreement on or before May 9, 2007.  This order did

not conform to the Agreement's enforcement scheme, so the parties asked the district court to vacate the order and enter a new, stipulated, one that matched the Agreement's terms.

The district court, still without having seen the Agreement, granted the parties' request on February 1, 2007. The new order stated:

> It is hereby ordered that the complaint is dismissed without prejudice and without costs to any party.

> It is further ordered that this Order of Dismissal is expressly subject to all terms and conditions of the settlement agreement executed by the parties on January 9, 2007.

> It is further ordered that this Court will not retain jurisdiction over this matter.

Although the parties' proposed order did not contain the last clause, neither party brought this discrepancy to the attention of the court.

In December 2007, the Trusts failed to make the final balloon payment of $650,000. In accordance with the Agreement, the Limbrights filed an ex parte motion to reinstate the dismissed suit and enter a consent judgment against the Trusts for $1 million ($1.3 million minus the $300,000 already paid).

The district court granted the Limbrights' motion, noting that, because the Trusts did not dispute that they breached the Agreement, the only issue was whether the court had subject matter jurisdiction to enforce the Agreement without a new case filing. The district court concluded that it had diversity and ancillary jurisdiction, as well as continuing jurisdiction based on the dismissed suit. The Trusts appeal, contesting only the court's subject matter jurisdiction. Our review is de novo. *See McAlpin v. Lexington 76 Auto Truck Stop, Inc.*, 229 F.3d 491, 499 (6th Cir. 2000).

II

In *Kokkonen v. Guardian Life Insurance Co. of America*, the Supreme Court held that, in enforcing a settlement agreement that produced the dismissal of an earlier federal suit, a federal court adjudicates a breach-of-contract controversy distinct from the dismissed suit. 511 U.S. 375, 378 (1994). Therefore, "[e]nforcement of the settlement agreement . . . requires its own basis for jurisdiction." *Ibid*. The *Kokkonen* Court also held that a district court may, on motion by a party and without the filing of a new suit, summarily enforce a

settlement agreement if the court has ancillary jurisdiction over the breach claim. *Id.* at 378–80.

The district court below relied, in part, on diversity jurisdiction. There is no question that diversity exists, and the Trusts concede that the district court could have enforced the Agreement had the Limbrights filed a new breach-of-contract suit. *See* 28 U.S.C. § 1332. However, the Trusts argue that the district court could not use diversity jurisdiction to *summarily* enforce the Agreement; *Kokkonen*, they contend, allows summary enforcement only when ancillary jurisdiction exists.

Whether a district court must have ancillary jurisdiction to summarily enforce a settlement agreement is a question of first impression in this circuit. At least two circuits have explicitly addressed this issue since *Kokkonen*, and both held that a district court may rely on a non-ancillary source of jurisdiction. *See Blue Cross & Blue Shield Ass'n v. Am. Express Co.*, 467 F.3d 634, 638 (7th Cir. 2006); *U.S.I. Props. Corp. v. M.D. Const. Co.*, 230 F.3d 489, 499–500 (1st Cir. 2000); *see also Bailey v. Potter*, 478 F.3d 409, 412 (D.C. Cir. 2007) (recognizing this question without resolving it). The Seventh and Fourth Circuits came to the same conclusion before *Kokkonen*. *See McCall-Bey v. Franzen*, 777 F.2d 1178, 1186–87 (7th Cir. 1985); *Fairfax Countywide Citizens Ass'n v. Fairfax County*, 571 F.2d 1299, 1303 & n.8 (4th Cir. 1978). We join these circuits and hold that a district court may rely on any basis of jurisdiction to summarily enforce a settlement agreement that produced the dismissal of an earlier federal suit.

In challenging the district court's jurisdiction, the Trusts misunderstand the nature of subject matter jurisdiction. Subject matter jurisdiction is a federal court's "power to adjudicate a case." *United States v. Martin*, 526 F.3d 926, 933 (6th Cir. 2008) (internal quotation marks omitted). If that power exists, how it is properly invoked and exercised is a procedural matter.[1] *See Blue Cross & Blue Shield*, 467 F.3d at 638 ("*Kokkonen* is about adjudicatory competence, not the number of filing fees a plaintiff must pay. As long as § 1332 supplies authority to decide, the court may act without a fresh complaint."). The

---

[1] Of course, the existence of subject matter jurisdiction can be conditioned on compliance with procedural rules. *See, e.g.*, 8 U.S.C. § 1252(d)(1) (conditioning federal court jurisdiction over immigration claims on an alien's exhaustion of administrative remedies). However, the existence of diversity jurisdiction is not so conditioned. *See* 28 U.S.C. § 1332 ("The district court shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interests and costs, and is between [diverse parties].").

Trusts do not argue that the district court did not have power over the breach-of-settlement-agreement controversy; thus, their argument is actually that summary enforcement is an improper procedural mechanism for invoking and exercising diversity jurisdiction.

We disagree. This court has long approved summary enforcement of settlement agreements "in order to promote the . . . speedy and reasonable resolution to disputes,"[2] *Bobonik v. Medina Gen. Hosp.*, 126 F. App'x 270, 273 (6th Cir. 2005) (citing *Aro Corp. v. Allied Witan Co.*, 531 F.2d 1368, 1372 (6th Cir. 1976)), a benefit that accrues regardless of the source of jurisdiction. Neither *Kokkonen* nor the Trusts suggest any substantive reason for distinguishing between ancillary and diversity jurisdiction for the purpose of summary enforcement, and we therefore refuse to restrict this well-established and valuable practice.

Nonetheless, the Trusts maintain that precedent dictates a distinction, arguing that, by focusing on ancillary jurisdiction and failing to analyze diversity explicitly, *Kokkonen* and this court's case law implicitly preclude summary enforcement based on diversity.[3] Aside from the lack of any rationale for this distinction, the Trusts' reading of the case law is flawed. *Kokkonen* stated that, "[a]bsent [ancillary jurisdiction], . . . enforcement of the settlement agreement is for state courts, *unless there is some independent basis for federal jurisdiction*." 511 U.S. at 382 (emphasis added). The Trusts concede that diversity is an "independent basis for federal jurisdiction," but they contend that this statement merely recognizes that non-ancillary jurisdiction can support enforcement through a new suit.

This is unpersuasive. *Kokkonen*, despite reviewing a motion for summary enforcement, never distinguished between summary enforcement and new-suit

---

[2]In particular, summary enforcement ensures that the judge enforcing the settlement agreement is familiar with the parties and the underlying suit, and it avoids the delays inherent in having a newly filed case adjudicated.

[3]The Trusts also cite several district court cases that have held that diversity jurisdiction cannot support summary enforcement. None of these cases offer a substantive justification for this holding, and we decline to accord them any persuasive value. *See, e.g.*, *Geiringer v. Pepco Energy Servs., Inc.*, No. CV05-4172, 2007 WL 4125094, at *1 (E.D.N.Y. Nov. 16, 2007); *Deleon v. BBI Enters. Group, LP*, No. 1:03-cv-820, 2006 WL 1313861, at *2 (W.D. Mich. May 11, 2006); *Cross Media Mktg. Corp. v. Budget Mktg., Inc.*, 319 F. Supp. 2d 482, 483 (S.D.N.Y. 2004).

enforcement; the decision discusses only "enforcement."  Moreover, immediately prior to this statement, *Kokkonen* concluded that there was no federal question jurisdiction over the summary enforcement action, an inquiry that is unnecessary under the Trusts' reading.  *See id.* at 381 ("The suit involves a claim for breach of a contract, part of the consideration for which was dismissal of an earlier federal suit.  No federal statute makes that connection (if it constitutionally could) the basis for federal-court jurisdiction over the contract dispute.").  Given this context, *Kokkonen*'s failure to consider diversity jurisdiction explicitly likely reflects the obvious lack of the required amount in controversy (the enforcement action at issue sought only the return of certain files), not a hidden intent to preclude summary enforcement based on diversity jurisdiction.  *See id.* at 376–77; *see also Bd. of Trs. v. Madison Hotel*, 97 F.3d 1479, 1485 n.10 (D.C. Cir. 1996) (characterizing *Kokkonen* as depending, in part, on a lack of diversity jurisdiction and explaining that the amount in controversy requirement was not met by the enforcement action).

The Trusts similarly misunderstand this court's precedent.  They rely on *McAlpin*'s statement that, without ancillary jurisdiction, "[t]he defendants' proper remedy for these violations lies in a separate action for breach of the Settlement Agreement," 229 F.3d at 505.  But in that case a new suit *in state court* was required because the summary enforcement action involved a contract claim that did not meet the amount in controversy requirement, and thus there was no basis at all for federal jurisdiction.  *See id.* at 498 (explaining that the motion for summary enforcement sought the return of documents and requested that the district court hold the breaching party in contempt).  In fact, *McAlpin* earlier explained, in summarizing the law governing jurisdiction over summary enforcement actions, that "[s]ubject matter jurisdiction may be independent or ancillary."  *Id.* at 499.  Nor does this court appear to have refused summary enforcement in a case where any basis of federal jurisdiction existed.  *See, e.g.*, *Caudill v. N. Am. Media Corp.*, 200 F.3d 914, 916 (6th Cir. 2000) (noting the "lack of complete diversity").

Therefore, we conclude that *Kokkonen* and this court's case law allow an "independent basis for federal jurisdiction," such as diversity or federal question jurisdiction, to support summary enforcement.

### III

Because the district court properly relied on diversity jurisdiction to summarily enforce the Agreement, we express no opinion on other potential sources of jurisdiction. The district court's judgment is AFFIRMED.